**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES CLINTON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BAXTER INTERNATIONAL INC., et al., <br><br> Defendants. | Case No. 1:25-cv-03368 <br><br> Honorable Lindsay C. Jenkins |

**JOINT INITIAL STATUS REPORT**

Plaintiff, Charles Clinton ("Plaintiff"), and Defendants, Baxter International Inc. ("Baxter") and the Investment Committee of the Baxter International Inc. and Subsidiaries U.S. Retirement Savings Plan (the "Investment Committee") (collectively, "Defendants") (together the "Parties"), by their undersigned counsel, submit this Joint Initial Status Report pursuant to the Court's April 9, 2025 Minute Entry (ECF No. 5).

**1.     The Nature of the Case**

      **A.     Attorneys of Record**

            <u>Counsel for the Plaintiff</u>:

            Mark K. Gyandoh, Esquire (Lead Trial Attorney)
            James A. Maro, Esquire
            **CAPOZZI ADLER, P.C.**
            312 Old Lancaster Road
            Merion Station, PA 19066
            Email: markg@capozziadler.com
                      jamesm@capozziadler.com
            Tel.: (610) 890-0200
            Fax: (717) 232-3080

Counsel for Defendants:

Sam Schwartz-Fenwick
Thomas M. Horan
**SEYFARTH SHAW LLP**
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Email: sschwartz-fenwick@seyfarth.com
         thoran@seyfarth.com
Tel.: (312) 460-5000
Fax: (312) 460-7000

### B.     Nature of Claims Asserted in the Complaint

Plaintiff brings this action on behalf of himself and on behalf of the Baxter International Inc. and Subsidiaries U.S. Retirement Savings Plan (f/k/a the Baxter International Inc. and Subsidiaries Incentive Investment Plan) (the "Plan"), and all participants in the Plan at any time between March 28, 2019 to the date of judgment ("Class Period"). Plaintiff alleges Defendants, as "fiduciaries" of the Plan, as that term is defined under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), breached their fiduciary duties by, *inter alia*, failing to adequately review the Plan's investment portfolio, initially and on an ongoing basis, with due care to ensure that the Plan's stable income fund (the "SIF") was prudent, in terms of performance.

### C.     Legal and Factual Issues in the Case

Factual Issues presented in this case include:

(1)     Whether the Plan fiduciaries' actions as to the SIF were consistent with that of other plan fiduciaries in similar circumstances.

(2)     Whether the process of selecting and monitoring the SIF was imprudent.

(3)     Whether and to what extent, if any, Plaintiff suffered losses as a result of any alleged breaches relating to the retention of the SIF in the Plan.

Legal Issues presented in this case include:

(1)     Whether Plaintiff has standing to bring his claims.

(2)     Whether Defendants have fiduciary responsibility for the acts complained of in the Complaint.

(3)     Whether Defendants breached their fiduciary duties as it relates to any allegation in the Complaint.

    (4)      Whether any alleged breaches in the Complaint caused a loss to Plaintiff.

    (5)      Whether the Complaint states a claim upon which relief may be granted.

    (6)      Whether the Complaint is maintainable as a class action.

### D.      Relief Sought by Plaintiff

Plaintiff is seeking both a monetary recovery on behalf of the Plan to make the Plan whole for its losses, as well as appropriate injunctive relief (*e.g.* enjoining Defendants from further violations of their ERISA fiduciary responsibilities, obligations, and duties).

## 2.      Jurisdiction

### A.      Federal Statutes on which Federal Question Jurisdiction is Based

The Employee Retirement Income Security Act of 1974 ("ERISA") provides for federal jurisdiction. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, and pursuant to 29 U.S.C. § 1332(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA, 29 U.S.C. § 1001, *et seq*. This Court has personal jurisdiction over Defendants because they transact business in, or reside in, this District.

### B.      Jurisdiction over any Claims Based on Diversity/Supplemental Jurisdiction

Not Applicable.

## 3.      Status of Service

Defendants executed waivers of service which were filed on the docket on May 12, 2025.

## 4.      Consent to Proceed Before a United States Magistrate Judge

The Parties do not consent to proceed before a Magistrate Judge.

## 5.      Motions

### A.      Pending Motions

There are currently no pending motions.

### B.      Anticipated Motions

Defendants intend to file a motion to dismiss the Complaint on or before July 7, 2025.

**6.      Case Plan**

**A.      Proposed Discovery Plan**

(1)      General Type of Discovery Needed

Plaintiff anticipates discovery on Defendants' fiduciary processes in managing the Plan, which will include deposition testimony of members of the Plan's Investment Committee and potentially third parties. If Defendants' motion to dismiss is denied, Defendants anticipate that they will seek discovery from Plaintiff regarding the claims asserted in the Complaint.

Defendants anticipate taking discovery on Plaintiff's investment history and knowledge of the claims.

(2)      Rule 26(a)(1) Disclosures

The Parties believe that it will be most efficient for the Court to rule on Defendants' anticipated motion to dismiss before setting a broader case management plan. If the Court wishes to consider a proposed schedule before then, the Parties will promptly meet and confer and submit their proposal(s) to serve Rule 26(a)(1) disclosures for the Court's consideration.

(3)      First Date to Issue Written Discovery

The Parties believe that it will be most efficient for the Court to rule on Defendants' anticipated motion to dismiss before setting a broader case management plan. If the Court wishes to consider a proposed schedule before then, the Parties will promptly meet and confer and submit their proposal(s) to issue written discovery for the Court's consideration.

(4)      Date for any Amendments to the Pleadings

The Parties believe that it will be most efficient for the Court to rule on Defendants' anticipated motion to dismiss before setting a broader case management plan. If the Court wishes to consider a proposed schedule before then, the Parties will promptly meet and confer and submit their proposal(s) for any amendments to the pleadings for the Court's consideration.

(5)      Fact Discovery Completion Date

The Parties believe that it will be most efficient for the Court to rule on Defendants' anticipated motion to dismiss before setting a broader case management plan. If the Court wishes to consider a proposed schedule before then, the Parties will promptly meet and confer and submit their proposal(s) for the fact discovery completion date for the Court's consideration.

(6)      Expert Discovery Completion Date

The Parties believe that it will be most efficient for the Court to rule on Defendants' anticipated motion to dismiss before setting a broader case management plan. If the Court wishes

to consider a proposed schedule before then, the Parties will promptly meet and confer and submit their proposal(s) for the expert discovery completion date for the Court's consideration.

> (7)     Date for Filing Dispositive Motions

The Parties believe that it will be most efficient for the Court to rule on Defendants' anticipated motion to dismiss before setting a broader case management plan. If the Court wishes to consider a proposed schedule before then, the Parties will promptly meet and confer and submit their proposal(s) for the date for filing dispositive motions for the Court's consideration.

### B.     Trial

> (1)     Jury Trial

Plaintiff did not request a jury trial.

> (2)     Probable Length of Trial

The Parties anticipate that the estimated number of trial days will be five (5) to seven (7) days.

### 7.     Status of Settlement Discussion

#### A.     Settlement Discussions

No settlement discussions have taken place. Plaintiff has not made a settlement demand.

#### B.     Status of Settlement Discussions

The Parties have conferred and agree it is premature to discuss settlement.

#### C.     Settlement Conference

The Parties do not request a settlement conference at this time.

DATED: May 27, 2025                          DATED: May 27, 2025


By: _/s/ Mark K. Gyandoh_                    By:/s/ Sam Schwartz-Fenwick
    Mark K. Gyandoh, Esquire                         Sam Schwartz-Fenwick
    James A. Maro, Esquire                           Thomas M. Horan
    **CAPOZZI ADLER, P.C.**                           **SEYFARTH SHAW LLP**
    312 Old Lancaster Road                           233 South Wacker Drive
    Merion Station, PA 19066                         Suite 8000
    Email: markg@capozziadler.com                    Chicago, Illinois 60606-6448
          jamesm@capozziadler.com                   Email: sschwartz-fenwick@seyfarth.com
    Tel.: (610) 890-0200                                   thoran@seyfarth.com
    Fax: (717) 232-3080                              Tel.: (312) 460-5000
                                         Fax: (312) 460-7000
    *Counsel for Plaintiff*

                                         *Counsel for Defendants*

6