**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHARLES CLINTON, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>BAXTER INTERNATIONAL INC., THE BOARD OF DIRECTORS OF BAXTER INTERNATIONAL INC., THE COMPENSATION COMMITTEE OF THE BOARD OF DIRECTORS OF BAXTER INTERNATIONAL INC., THE BAXTER INTERNATIONAL INC. ADMINISTRATIVE COMMITTEE, and THE INVESTMENT COMMITTEE OF THE BAXTER INTERNATIONAL INC. AND SUBSIDIARIES U.S. RETIREMENT SAVINGS PLAN,<br><br>  Defendants. | Case No. 1:25-cv-03368 |

**PLAINTIFF'S OPPOSITION TO MOTION OF THE
STABLE VALUE INVESTMENT ASSOCIATION
FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***

## I. INTRODUCTION

Charles Clinton ("Plaintiff") individually and as a representative of a proposed class of participants and beneficiaries in the Baxter International Inc. and Subsidiaries U.S. Retirement Savings Plan, hereby opposes the motion of the Stable Value Investment Association ("SVIA") for leave to file a brief as purported *amicus curiae* (the "Motion" or "Mot.")[1] in support of Defendant's Motion to Dismiss.[2] Plaintiff asserts claims for breaches of fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), focusing on the Plan's Baxter Stable Value Fund ("Baxter SIF"), a stable value fund ("SVF") investment. Had Defendants prudently monitored the Baxter SIF and prevailing marketplace, they would have discovered that identical, or substantially identical, SVFs with higher crediting rates (*i.e.*, contractually guaranteed returns), were available to the Plan and its participants. *See* ECF No. 1, Complaint. The Proposed *Amicus* Brief (PAB), written by ERISA defense firms[3], is inappropriate and a waste of judicial resources, particularly because it ignores persuasive authority and only echoes the incorrect arguments raised by competent counsel in Defendants' motion to dismiss. Hence why district courts in ERISA breach of fiduciary duty cases routinely deny such motions. *See*, *e.g.*, *Mills v. Molina Healthcare, Inc.*, 2022 WL 17825534, at *3 (C.D. Cal. Dec. 8, 2022); *Laliberte v. Quanta Servs., Inc.*, 2023 WL 12047212, at *1 n.1 (S.D. Tex. Sept. 29, 2023); *Moore v. Humana, Inc.*, 2022 WL 20766503 (W.D. Ky. Mar. 31, 2022); *Parker v. GKN N. Am. Servs., Inc.*, 2022 WL 3702072 (E.D. Mich.

---

[1] The Motion is ECF No. 24, and the Proposed *Amicus* Brief is ECF No. 24-1.

[2] Defendants" refer to Baxter International, Inc. and the Investment Committee of the Baxter International, Inc. and Subsidiaries of U.S. Retirement Savings Plan. Defendants' Memorandum in Support of their Motion to Dismiss Plaintiffs' Complaint (ECF No. 19) is referred to as "MTD."

[3] *See* www.mayerbrown.com/en/news/2025/06/mayer-brown-bolsters-its-renowned-erisa-litigation-practice-with-the-return-of-rick-nowak-in-chicago (PAB author Richard E. Nowak of Mayer Brown "defend[s] the most complex ERISA disputes."); www.goodwinlaw.com/en/expertise/practices/erisa-litigation (Goodwin represents "companies that sponsor employee benefit plans.").

Aug. 26, 2022); *In re American National Red Cross ERISA Litig.*, No. 21-cv-00541, Minute Order (D.D.C. Dec. 7, 2021) (attached as Ex. A); *see also Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("[T]he vast majority of [amicus curiae briefs] have not assisted the judges.").

## II.    ARGUMENT

As discussed herein, the law regarding ERISA's pleading standard and imprudent investments, particularly SVFs, is well-settled. SVIA does not address the most authoritative cases, and instead lobbies for a heightened pleading standard that the Seventh Circuit and Supreme Court have expressly denied. Defendants have already raised these same unpersuasive arguments and factual disputes in their Motion. SVIA even fails to state the correct standard for *Amicus* briefs in this Circuit. *See* Br. at 1 (relying on *Auto. Club of N.Y., Inc. v. Port Authority of N.Y. and N.J.*, 2011 WL 5865296 (S.D.N.Y. Nov. 22, 2011) to say that there is no standard). The actual "policy" is to "never … grant permission to file an amicus curiae brief that essentially merely duplicates the brief of one of the parties" and "to grant permission to file an amicus brief *only* when (1) a party is not adequately represented (usually, is not represented at all); or (2) when the would-be amicus has a *direct* interest in another case," such as "by operation of *stare decisis* or *res judicata*" that would be  "materially affect[ed] […] or (3) when the amicus has a *unique* perspective, or information, that can assist the court of appeals *beyond what the parties are able to do*." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000) ("*NOW*") (emphasis added; also disapproving of *amici* from "interest-group politics"). None of these exceptions apply here, and cannot be applied to private litigation at the district court level.

For starters, SVIA duplicates arguments raised by competent counsel. Defendants are represented by Seyfarth Shaw LLP, a major ERISA defense firm.[4] Defendants do not require the

---

[4] *See* https://www.seyfarth.com/services/practices/litigation/erisa-and-employee-benefits-litigation.html.

assistance of mercenaries from the SVIA. Indeed, Defendants have already raised the same, incorrect arguments as SVIA regarding "different kinds of SV[F] products[,]" the Complaints "comparisons[,]" and that the allegations regarding Defendants' control of the Baxter SIF's contract relies on hindsight. *See* Br., at 4; PAB at 8; *see also* MTD at 3-4, 8-9 (arguing the same). In fact, Defendants repeatedly cite to the SVIA website to make their argument. *See* MTD at 4 nn.2-4, 14 n.8. Identical to the MTD, SVIA misconstrues the Complaint to incorrectly argue that it lacks context. *See Br*. at 4; MTD at 11. Relatedly, there are plenty of SVF cases from this Circuit and others that Defendants can submit and this Court can easily comprehend. Whereas, SVIA's "examples from past cases" mostly involve categorically different types of investments (whose returns cannot be contractually guaranteed) and out-of-circuit caselaw. Br. at 4; *but see Disselkamp v. Norton Healthcare, Inc*., 2019 WL 3536038, at *3 (W.D. Ky. Aug. 2, 2019) (denying dismissal in an SVF case, explaining that an SVF is "a contract, not a mutual fund."). The PAB does not even mention the most important cases, presumably because they undermine SVIA's position, such as: (1) *Hughes II*, the most recent Seventh Circuit case affirming the correct pleading standard in breach of fiduciary duty cases, (2) *Abbott,* where the Seventh Circuit discussed SVF claims, and (3) any of the several recent district court cases denying motions to dismiss in similar SVF claims. *See Hughes v. Nw. Univ*., 63 F.4th 615, 625 (7th Cir. 2023) (*Hughes II*) (applying *Hughes v. Nw. Univ*., 595 U.S. 170 (2022) (*Hughes I*) on remand and refuting many of the same arguments SVIA and Defendants here make); *Abbott v. Lockheed Martin Corp.*, 725 F.3d 803, 806-07 (7th Cir. 2013) (the defendants, who were represented by one of the PAB's contributing firms, were denied summary judgment where the SVF allegedly had such "a low rate of return" that it did not "provide a meaningful retirement asset" compared to "a variety of stable value funds."); *Payne v. Hormel Foods Corp.*, 2024 WL 4228613, at *4  n.2 (D. Minn. Sept. 18, 2024) (applying *Hughes II* to SVF

3

claims); *Disselkamp*. Ultimately, SVIA does not have "expertise" on the "proper legal framework" and does not provide the Court with any "distinct vantage point." Br. at 2, 4.

Nor does SVIA have the requisite "direct interest in the outcome" of this case. *Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 518 (7th Cir. 2004); *see also Now*, 223 F.3d at 617. SVIA admits their mission goes "beyond any one defendant named in a particular case." Br. at 3. In reality, SVIA's interest is to advance its extreme pro-corporate agenda by turning the instant Rule 12 motion into a political battleground – precisely what the Seventh Circuit has repeatedly forbid. *See Now*, 223 F.3d at 617; *Sierra Club, Inc.*, 358 F.3d at 518 ("Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed."); *Voices for Choices v. Illinois Bell Tel*. Co., 339 F.3d 542, 544–45 (7th Cir. 2003) ("an amicus brief is often an attempt to inject interest group politics into the federal appeals process" but politics are reserved for "congressional hearing[s]."). The PAB makes one-sided, over-generalizations about "these suits" and what "complaints typically" include. PAB at 1; *see also* Br. at 4. In doing so, SVIA attempts to persuade this Court to disregard the facts alleged in Plaintiffs' Complaint, and ignore the well-established legal standards applicable in the hopes of making it more difficult for plan participants to assert claims of breach of fiduciary duty against their clients. *Id*., (admitting that "SVIA's membership represents […] plan sponsors, insurance companies, banks, investment managers, and consultants."); *see also* n. 2, *supra*. SVIA does not have a sufficient interest in the outcome of this case in relation to any particular case.

The Supreme Court has specifically rejected SVIA's policy argument that "without some sort of special presumption [of prudence], the threat of costly duty-of-prudence lawsuits will deter companies from offering [plans] to their employees, contrary to the stated intent of Congress." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 423 (2014); *see also* Br. at 4 (making the

same baseless assumption).[5] "The [SVIA's] proposed presumption makes it impossible for a plaintiff to state a duty-of-prudence claim, no matter how meritorious" which would "not readily divide the plausible sheep from the meritless goats. That important task can be better accomplished through careful, context-sensitive scrutiny of a complaint's allegations." *Id*., at 425; *but see* PAB, at 14; MTD at 5 (SVIA and Defendants misconstruing this quote). The context specific allegations here are plausible under well-settled law of the Supreme Court and Seventh Circuit.

Lastly, the PAB is an abusive and improper attempt to "circumvent the page limitations on the parties' briefs[,]" which pointlessly burdens the Court and prejudices Plaintiffs. *NOW*, 223 F.3d at 617; *see also Voices for Choices*, 339 F.3d at 544 ("judges have heavy caseloads and therefore need to minimize extraneous reading; amicus briefs, often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs; the time and other resources required for the preparation and study of, and response to, amicus briefs drive up the cost of litigation."). While Civil Local Rule 7.1 limits the length of a memorandum of law in support of a motion to 15 pages, here the PAB would add 15 pages of argument to the 15 pages of briefing already submitted by Defendants – effectively doubling the limit that Plaintiff is permitted for his opposition. That would be unfair to Plaintiff. *See Ryan*, 125 F.3d at 1064 (denying leave to file amicus brief that, "if allowed to be submitted, would in effect bring that length up to 62 pages" from the 45 submitted by the petitioner).

## III.    CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny SVIA's Motion.

Dated: July 28, 2025                                    Respectfully submitted,

---

[5] SVIA baselessly assumes that ERISA suits "discourage[] [...] less-resourced employers" from offering plans. Br. at 4. Not so. ERISA litigation has been around since 1974, and today there are at least 641,000 401(k) plans in the Country (not counting other types of ERISA plans), with more than 99% of those plans being smaller than this plan. *See* Complaint, ¶ 12.

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire
James A. Maro, Esquire
312 Old Lancaster Road
Merion Station, PA 19066
Email: markg@capozziadler.com
      jamesm@capozziadler.com
Tel.: (610) 890-0200

*Counsel for Plaintiff and the Putative Class*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2025, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By: /s/ *Mark K. Gyandoh*
Mark K. Gyandoh, Esq.