**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

CHARLES CLINTON, individually and on
behalf of all others similarly situated,

          Plaintiffs,

   v.

BAXTER INTERNATIONAL INC., et al.,

          Defendants.

Civil Action No. 1:25-cv-03368

Honorable Lindsay C. Jenkins

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL
AUTHORITY**

       Plaintiff's Notice of Supplemental Authority ("Notice") does not raise any "new relevant authority" (*see* Dkt. 31 at 1) that would aid the Court in deciding Defendants' motion to dismiss. *Carter v. Sentara Healthcare Fiduciary Committee*, No. 2:25-cv-16, 2025 WL 2427614 (E.D. Va. Aug. 11, 2025), was issued two weeks before Plaintiff filed his Opposition (Dkt. 30). Plaintiff thus improperly seeks to supplement his Opposition with citation to authority that was available to him when he made that filing. If Plaintiff wanted to discuss the relevance of *Carter*, he should have done so in his Opposition. The Court should reject his belated attempt to do so now.

       Even if considered, however, *Carter* does not provide reason to deny Defendants' motion. The plaintiffs in *Carter* avoided dismissal because their complaint included specific allegations of process failures by the fiduciaries charged with determining whether their stable value fund should have been replaced. Plaintiff here does no such thing. As detailed in Defendants' motion, Plaintiff does not allege *anywhere* in his Complaint that Defendants' process was deficient in any way, nor does he allege what a proper procedure might have been. Instead, Plaintiff bases the entirety of his claims on mathematically unsound comparisons to a small number of cherry-picked "comparators." He pleads no facts to support his claim that those funds are "similar," choosing

instead to support that contention with solely his own say-so. (*See* Dkt. 1 at ¶ 89.) *Carter* does not countenance this conclusory and deficient pleading style.

Lastly, Plaintiff incorrectly claims the court in *Carter* found the same sort of unadorned underperformance allegations that underly the Complaint plausibly pleaded a claim of imprudence based on underperformance. In fact, the court in *Carter* refused to rule on this issue, noting this question had not yet been decided by the Fourth Circuit (the circuit in which the district there is located). *See Carter*, 2025 WL 2427614, at *5-6. In sharp contrast, the standard for plausibly pleading an underperformance claim has been directly addressed by the Seventh Circuit in rulings that squarely reject the Complaint. *See, e.g., Albert v. Oshkosh Corp.*, 47 F.4th 570, 581 (7th Cir. 2022).

*Carter* is not new, relevant, or binding, and nothing about it should change the outcome of Defendants' motion. The Court should dismiss Plaintiff's claims with prejudice.

## I. Plaintiff's Notice is Procedurally Improper.

A Notice of Supplemental Authority is a tool to alert the Court to new, controlling or highly pertinent precedent that becomes available *after* briefing. It is *not* meant to expand or bolster briefs that have been submitted or to introduce new arguments that could have been raised in the principal brief. *See Laufer v. Q ILL Dev., LLC*, No. 20-cv-3149, 2021 WL 1202329, at *1 (C.D. Ill. Mar. 30, 2021) (notice of supplemental authority directs "the Court's attention to legal authority that was not available at the time that [p]laintiff filed her response to [d]efendant's Motion to Dismiss.").

Plaintiff admits *Carter* issued on August 11, 2025, and he filed his Opposition on August 25, 2025. (Dkt. 32 at ¶¶ 1-2.) In other words, *Carter* was available two weeks *before* Plaintiff filed his Opposition. Plaintiff may not have seen it before filing the Opposition, but his failure to cite the decision in his brief does not make it "new," and does not provide him license to supplement his briefing to add it now.

*Carter* also does not hold anything new or novel. As detailed below, review of *Carter* makes clear that Plaintiff is using that decision as a belated excuse to improperly supplement his Opposition to argue (or re-argue) points he already made in his Opposition. The Court did not grant Plaintiff leave to file a sur-reply to the motion to dismiss and nothing countenances his effort to do so by styling his filing as a tardy notice of supplemental authority.

**II.      *Carter* is Fact-Specific and Inapplicable to This Matter.**

On its face, *Carter* is plainly distinguishable from the instant case. The plaintiffs in *Carter* defeated dismissal because that Court found they pled more than simple underperformance. Specifically, the *Carter*-plaintiffs plead a *lack of procedure* on the Defendants' part which, taking the facts in the light most favorable to them, caused or contributed to cause the underperformance. *See Carter*, 2025 WL 2427614, at *4-6 (plaintiffs also pled defendants had "no viable documented process and methodology for monitoring the [plan's] investment expenses" and "failed to implement a prudent process for selecting, retaining, or monitoring" the stable value fund). In addition to this, the *Carter*-plaintiffs provided "several examples of what a prudent process would look like." *Id*. at *6. Moreover, the *Carter*-plaintiffs were found to have provided allegations relating to "critical information" that a fiduciary must monitor, including "average earnings history, rates offered by competing products, [and] limitations on transferring the investment to a new product." *Id*. at 6. Overall, the *Carter* court held those allegations, coupled with lack of Fourth Circuit precedent on the relevant pleading standards, were sufficient for the *Carter*-plaintiffs to defeat dismissal.

Compared to the *Carter* plaintiffs, Plaintiff's Complaint is woefully lacking. In his Notice and again in his Supplemental Memorandum (Dkt. 36 at 3 (citing Dkt. 1 at ¶¶ 15, 17, 83-88)), Plaintiff asserts that he made similar claims that Defendants failed to implement a prudent process.

3

His Complaint belies that assertion. Neither the paragraphs Plaintiff cites, nor anything else in his Complaint plead facts regarding the process or alleged process deficiencies. In place of *any* process-related allegations, Plaintiff relied on hindsight-based performance comparisons between the challenged SIF and a collection of other cherry-picked stable value funds that he alleges were "similar" in nature and (at least over various, isolated windows) offered higher rates of return than the SIF did. Those "underperformance" claims, which rest on flawed math and no factual detail, form the *entire basis* for Plaintiff's claims. (*See* Dkt. 1 at ¶¶ 85-89 ("By selecting the Baxter SIF with underperforming crediting rates, Defendants failed to provide participants with an option that maximized the value of their investments.").

Thus, while both the *Carter*-plaintiffs and Plaintiff make underperformance arguments, Plaintiff's Complaint rests *solely* on underperformance. In his Opposition, and through his reference to *Carter,* Plaintiff seeks to obscure the realities of his pleading, and essentially asks this Court to jettison established Seventh Circuit and Supreme Court precedent in favor of a more lenient standard he believes he has met.

It is axiomatic in the Seventh Circuit that a plaintiff attempting to plead a plausible claim of imprudence based on circumstantial evidence "must provide a sound basis for comparison—a meaningful benchmark." *Albert*, 47 F.4th at 581 (quoting *Davis v. Washington Univ.*, 960 F.3d 478, 484 (8th Cir. 2020)). To circumvent his failure to do so, Plaintiff argues *Carter* rejects that requirement. (*See* Dkt. 32-1 at p. 2.) *Carter* held no such thing (at most, it declined to rule on the question due to a lack of Fourth Circuit precedent on "whether benchmarks are appropriate to address at the 12(b)(6) stage"). *Carter*, 2025 WL 2427614, at *7. But even if it did, an out-of-circuit, district court opinion does not outweigh a clear mandate from the Seventh Circuit. In this

4

Circuit, Plaintiff carries the burden to plead a meaningful comparator at the pleading stage, and he has not done so.

Applying binding precedent, courts in this circuit have also been clear that simply "pointing to another investment that has performed better . . . does not plausibly plead an imprudent decision." *Abel v. CMFG Life Ins. Co.*, No. 22-cv-449-wnc, 2024 WL 307489 at *5 (W.D. Wis. Jan. 26, 2024). This premise aligns with the litany of decisions cited by Defendants, in which courts around the country reached the commonsense conclusion that minor performance differences between different investment products do not plausibly suggest fiduciary imprudence. *See Forman v. TriHealth, Inc.*, 563 F. Supp. 3d 753, 764 (S.D. Ohio 2021) (underperformance ranging from 1.00% to "just over" 2.00% was "simply too small" to raise a plausible breach of fiduciary duty claim), *aff'd in relevant part*, 40 F.4th 443 (6th Cir. 2022); *Cho v. Prudential Ins. Co. of Am.*, 2021 WL 4438186, at *10 (D.N.J. Sept. 27, 2021) (alleged underperformance of .07% to 3.71% not "sufficiently substantial" to state imprudence claim); *Barchock v. CVS Health Corp.*, 2017 WL 9324762, at *5 (D.R.I. Jan. 31, 2017), *aff'd*, 886 F.3d 43 at 45 (1st Cir. 2018) ("unreasonable to infer" that fund was a "severe outlier" when alleged underperformance ranged from .63% to 1.29%); *Lalonde v. Mass Mutual Ins. Co.*, 728 F. Supp. 3d 141, 156-57 (D. Mass. Mar. 29, 2024) (alleged underperformance based on hindsight insufficient to infer breach where comparator stable value funds outperformed challenged fund by between .75% and 2.5%).

In his Notice, Plaintiff tries to counter the dispositive weight of this authority by again overstating *Carter's* holding. Rather than suggesting the putative crediting rate differences in Plaintiff's Complaint demonstrate some meaningful (and plausibly imprudent) underperformance, the court in *Carter* acknowledged that the Fourth Circuit had never addressed this issue and, as a result, the district court declined to take a position on whether "1.36% is enough

underperformance" to sustain an underperformance claim. *Carter*, 2025 WL 2427614, at *5. *Carter's* decision not to answer a question already squarely decided by this Circuit is a nullity that has no bearing on the resolution of the question before this Court.

## CONCLUSION

*Carter* is not new, either in issuance or in substance. It was available to Plaintiff when he filed his Opposition and cites much of the same law the Parties have already briefed in this matter. In a belated effort to argue it saves his claims, Plaintiff glosses over factual distinctions between his Complaint and the one at issue there, and repeatedly overstates *Carter's* holdings. Ultimately, *Carter* is irrelevant because binding Seventh Circuit authority requires dismissal of Plaintiff's Complaint.

Respectfully submitted,

*s/Mario Nimock*
Samuel M. Schwartz – Fenwick
Sschwartz-fenwick@seyfarth.com
Thomas M. Horan
Thoran@seyfarth.com
Mario D. Nimock
MNimock@seyfarth.com
**SEYFARTH SHAW LLP**
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448

*Counsel for Defendants*

6

7

## CERTIFICATE OF SERVICE

I, Mario D. Nimock, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

s/ *Mario D. Nimock*
Mario D. Nimock